Eric B. Hull (#291167)
K<small>ERCSMAR</small> & F<small>ELTUS</small> PLLC
SeaRise Building
233 Wilshire Boulevard
Fourth Floor
Santa Monica, California 90401
Telephone: (310) 566-8176
Facsimile:  (480) 421-1002
ebh@kflawaz.com

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Rillito River Solar LLC dba EcoFasten Solar, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Bamboo Industries LLC dba SolarHooks, a Delaware limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br><br>(Jury Trial Demanded) |

Plaintiff Rillito River Solar LLC, doing business as EcoFasten Solar ("EcoFasten"), for its complaint against defendant Bamboo Industries LLC, doing business as SolarHooks ("SolarHooks"), alleges as follows:

**<u>NATURE OF THE ACTION</u>**

This is a patent infringement action. EcoFasten and SolarHooks manufacture and market roof mounts for solar panels. In the relatively new residential solar panel market, Plaintiff EcoFasten is the market leader. EcoFasten has developed unique, novel, and innovative inventions that allow solar panels to be installed on roofs while avoiding roof leaks and roof degradation that are associated with other solar panel roof mounts.

EcoFasten holds U.S. Patents, issued as early as 2003, protecting its roof mount inventions.

Defendant SolarHooks is counterfeiting EcoFasten's patented designs, infringing at least three of EcoFasten's patents by making, using, selling, and offering to sell roof mounts that misappropriate EcoFasten's novel and innovative patented inventions. EcoFasten brings this action to enjoin SolarHooks from infringing its patents and to recover damages adequate to compensate for infringement, including but not limited to a reasonable royalty.

## **JURISDICTION**

1. This Court has subject matter jurisdiction over EcoFasten's claims under 28 U.S.C. §§ 1331 and 1338(a) because this action is for patent infringement and arises under the patent laws of the United States, Title 35, Sections 271 *et seq.* of the United States Code.

2. Upon information and belief, SolarHooks ships and sells products in Sacramento County, California.

3. As a result of this activity and SolarHooks' corporate residence in California, this Court has personal jurisdiction over SolarHooks.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because a substantial part of the events or omissions giving rise to EcoFasten's claims occurred in this District.

## **PARTIES**

5. EcoFasten is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.

6. Upon information and belief, SolarHooks is a Delaware limited liability company with its principal place of business in Sacramento County, California.

Kercsmar & Feltus PLLC
233 Wilshire Boulevard, Fourth Floor
Santa Monica, California 90401
(310) 566-8176

# FACTS

**EcoFasten's principal invents novel roof mounts for snow guards and solar panels.**

7. In the 1990s, Brian C. Stearns was a roofer specializing in slate roofs, working primarily in New England.

8. Mr. Stearns frequently installed snow guards on roofs to prevent snow from falling off roofs in large quantities, which can cause property damage and personal injury.

9. Installation of snow guards typically involves drilling holes in the roof in order to mount the guard. Holes naturally increase a roof's susceptibility to leaks.

10. Mr. Stearns observed a need for a new kind of roof mount that would be substantially leak proof. He began experimenting with and implementing possible solutions.

11. Ultimately, Mr. Stearns (along with other inventors) developed various unique leak-proof roof mounts. One of Mr. Stearns's inventions (with co-inventor Douglas Lounsbury) includes in relevant part (but is not limited to): a roof mounting system comprising: (1) a roof bracket defining a bracket aperture, the bracket aperture having a generally frustoconical shape; (2) a flashing defining a flashing aperture extending therethrough; (3) a seal having a generally frustoconical shape and defining a seal aperture extending therethrough; and (4) a fastener sized to extend through the bracket aperture, the flashing aperture and the seal aperture to couple the roof bracket, flashing and seal to a roof surface, the fastener positioned to press the roof bracket into abutment with the flashing and the seal to inhibit flow of fluid through at least one of the bracket aperture, the flashing aperture and the seal aperture.

12. Mr. Stearns and Mr. Lounsbury's invention is described in the duly and legally issued U.S. Patent No. 8,153,700 (the "'700 Patent").

13. The '700 Patent has been validly assigned to EcoFasten.

14. Mr. Stearns (with co-inventor Alexander Bornemann) invented other roof mounts. One of these inventions includes in relevant part (but is not limited to): a mount assembly mounting a structure to a roof, the roof including a top surface, the mount

assembly comprising: (1) a base coupled to the top surface of the roof; (2) a block coupled to the base and having an upper surface; (3) a flashing including an embossed portion adjacent the upper surface of the block and an aperture positioned on the embossed portion; (4) a bracket including a first portion and a second portion, the first portion having an opening aligned with the aperture and a countersink extending around the opening, the second portion extending away from the flashing, the second portion including a slot configured to be coupled to the structure; (5) a fastener extending through the aperture and through the opening of the bracket; and (6) a seal extending around the aperture and positioned between the flashing and the first portion of the bracket, the seal engaging the countersink of the bracket and being compressed against the flashing.

15. Mr. Stearns and Mr. Bornemann's invention is described in the duly and legally issued U.S. Patent No. 9,134,044 (the "'044 Patent").

16. The '044 Patent has been validly assigned to EcoFasten.

17. Another one of these inventions includes in relevant part (but is not limited to): a mount assembly for mounting a structure to a roof, the roof including a top surface, the mount assembly comprising: (1) a base coupled to the top surface of the roof; (2) a block coupled to the base and having an upper surface; (3) a flashing including an embossed portion adjacent the upper surface of the block and an first aperture positioned on the embossed portion; (4) a bracket including a first portion and a second portion, the first portion having an opening aligned with the first aperture, the second portion extending away from the flashing, the second portion including a second aperture configured to be coupled to the structure; (5) a fastener extending through the first aperture and through the opening of the bracket; and (6) a seal extending around the first aperture and positioned between the flashing and the first portion of the bracket, the seal engaging the bracket adjacent the opening and being compressed against the flashing.

18. Mr. Stearns and Mr. Bornemann's invention is described in the duly and legally issued U.S. Patent No. 9,447,988 (the "'988 Patent," and together with the '700 Patent and the '044 Patent, the "EcoFasten Patents").

19. The '988 Patent has been validly assigned to EcoFasten.

**SolarHooks infringes the EcoFasten Patents.**

20. SolarHooks is a competitor of EcoFasten.

21. Until recently, V3 Electric & Solar was a customer of EcoFasten, selling EcoFasten products in conjunction with its other products and services.

22. V3 Electric & Solar now purchases products from SolarHooks.

23. SolarHooks maintains a website featuring illustrations of SolarHooks' products that appear identical, or nearly identical, to EcoFasten products formerly purchased by V3 Electric & Solar.

24. Among SolarHooks' products is the Composition Flashing Kit.

25. The Composition Flashing Kit is apparently identical to EcoFasten's GreenFasten™ GF1 and uses all of the same elements as the apparatus patented in the '700 Patent, including (but not limited to) the fact that it is a roof mounting system comprising: (1) a roof bracket defining a bracket aperture, the bracket aperture having a generally frustoconical shape; (2) a flashing defining a flashing aperture extending therethrough; (3) a seal having a generally frustoconical shape and defining a seal aperture extending therethrough; and (4) a fastener sized to extend through the bracket aperture, the flashing aperture and the seal aperture to couple the roof bracket, flashing and seal to a roof surface, the fastener positioned to press the roof bracket into abutment with the flashing and the seal to inhibit flow of fluid through at least one of the bracket aperture, the flashing aperture and the seal aperture.

26. Also among SolarHooks' products are the W Tile Replacement System, the S Tile Replacement System, and the Flat Tile Replacement System (the "Tile Replacement System Products").

27. The Tile Replacement System Products have substantially identical components but different flashing profiles.

28. The Tile Replacement System Products are apparently identical to EcoFasten's Tile Flashing System (available in flat, W, and S flashing profiles) uses all

of the same elements as the apparatus patented in the '044 Patent, including (but not limited to) the fact that it is a mount assembly mounting a structure to a roof, the roof including a top surface, the mount assembly comprising: (1) a base coupled to the top surface of the roof; (2) a block coupled to the base and having an upper surface; (3) a flashing including an embossed portion adjacent the upper surface of the block and an aperture positioned on the embossed portion; (4) a bracket including a first portion and a second portion, the first portion having an opening aligned with the aperture and a countersink extending around the opening, the second portion extending away from the flashing, the second portion including a slot configured to be coupled to the structure; (5) a fastener extending through the aperture and through the opening of the bracket; and (6) a seal extending around the aperture and positioned between the flashing and the first portion of the bracket, the seal engaging the countersink of the bracket and being compressed against the flashing.

29. The Tile Replacement System Products also use all of the same elements as the apparatus patented in the '988 Patent, including (but not limited to) the fact that it is a mount assembly for mounting a structure to a roof, the roof including a top surface, the mount assembly comprising: (1) a base coupled to the top surface of the roof; (2) a block coupled to the base and having an upper surface; (3) a flashing including an embossed portion adjacent the upper surface of the block and an first aperture positioned on the embossed portion; (4) a bracket including a first portion and a second portion, the first portion having an opening aligned with the first aperture, the second portion extending away from the flashing, the second portion including a second aperture configured to be coupled to the structure; (5) a fastener extending through the first aperture and through the opening of the bracket; and (6) a seal extending around the first aperture and positioned between the flashing and the first portion of the bracket, the seal engaging the bracket adjacent the opening and being compressed against the flashing.

## COUNT ONE: INFRINGEMENT OF THE '700 PATENT

30. EcoFasten incorporates by reference the previous allegations in the complaint.

31. The '700 Patent is valid and enforceable.

32. SolarHooks has, without authority, consent, right, or license, and in direct infringement of the '700 Patent, made, used, offered for sale, and/or sold apparatus protected by the '700 Patent.

33. EcoFasten has no adequate remedy at law for the harm caused by SolarHooks' acts.

34. EcoFasten has suffered monetary damages in an amount to be proven at trial.

35. EcoFasten is entitled to an accounting by SolarHooks of funds comprising all revenues received through the commercial exploitation of its infringing products, the imposition of a constructive trust for the benefit of EcoFasten for all such funds in the custody or control of SolarHooks, the assessment of a reasonable royalty for SolarHooks' use of EcoFasten's invention, and to all other damages to which EcoFasten may be entitled.

## COUNT TWO: INFRINGEMENT OF THE '044 PATENT

36. EcoFasten incorporates by reference the previous allegations in the complaint.

37. The '044 Patent is valid and enforceable.

38. SolarHooks has, without authority, consent, right, or license, and in direct infringement of the '044 Patent, made, used, offered for sale, and/or sold apparatus protected by the '044 Patent.

39. EcoFasten has no adequate remedy at law for the harm caused by SolarHooks' acts.

40. EcoFasten has suffered monetary damages in an amount to be proven at trial.

41. EcoFasten is entitled to an accounting by SolarHooks of funds comprising all revenues received through the commercial exploitation of its infringing products, the

Kercsmar & Feltus PLLC
233 Wilshire Boulevard, Fourth Floor
Santa Monica, California 90401
(310) 566-8176

imposition of a constructive trust for the benefit of EcoFasten for all such funds in the custody or control of SolarHooks, the assessment of a reasonable royalty for SolarHooks' use of EcoFasten's invention, and to all other damages to which EcoFasten may be entitled.

### COUNT THREE: INFRINGEMENT OF THE '988 PATENT

42. EcoFasten incorporates by reference the previous allegations in the complaint.

43. The '988 Patent is valid and enforceable.

44. SolarHooks has, without authority, consent, right, or license, and in direct infringement of the '988 Patent, made, used, offered for sale, and/or sold apparatus protected by the '988 Patent.

45. EcoFasten has no adequate remedy at law for the harm caused by SolarHooks' acts.

46. EcoFasten has suffered monetary damages in an amount to be proven at trial.

47. EcoFasten is entitled to an accounting by SolarHooks of funds comprising all revenues received through the commercial exploitation of its infringing products, the imposition of a constructive trust for the benefit of EcoFasten for all such funds in the custody or control of SolarHooks, the assessment of a reasonable royalty for SolarHooks' use of EcoFasten's invention, and to all other damages to which EcoFasten may be entitled.

### JURY DEMAND

EcoFasten requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, EcoFasten prays for relief and judgment against SolarHooks, as follows:

A.  For a judicial determination and a declaration that the EcoFasten Patents are valid and enforceable;

B. For a preliminary and then permanent injunction issued against SolarHooks, its agents, officers, directors, employees, attorneys, successors, and assigns, all parent and subsidiary entities, and all those acting for or on the behalf of SolarHooks, or in active concert, participation, or combination with them, including customers and distributors, prohibiting SolarHooks from:

    i. Continuing acts of infringement of the EcoFasten Patents;

    ii. Making, using, selling, and/or importing infringing products, to include any colorable imitation thereof; and

    iii. Otherwise infringing up the EcoFasten Patents;

C. A judicial determination and a declaration that SolarHooks has infringed the EcoFasten Patents under 35 U.S.C. § 271, and final judgment incorporating the same;

D. That an Order issue from this Court requiring SolarHooks, its officers, agents, servants and employees, to deliver up to this Court for destruction all articles and materials infringing upon the EcoFasten Patents and all materials for reproducing such infringing products;

E. That SolarHooks be required to file with the Court within thirty (30) days after entry of an injunctive order or final judgment a written statement under oath setting forth the manner in which SolarHooks has complied with the order or final judgment;

F. Directing SolarHooks to account for, and awarding to EcoFasten, all gains and profits realized through, and damages caused by, SolarHooks' manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion or display of its products infringing upon the EcoFasten Patents, and SolarHooks' total profit realized thereby;

G. Awarding EcoFasten its damages sustained due to SolarHooks' infringement of the EcoFasten Patents;

H. In the alternative, that a reasonable royalty for SolarHooks' infringement be awarded to EcoFasten pursuant to 35 U.S.C. § 284;

I. That, due to the brazenness of SolarHooks' infringement, SolarHooks be ordered to pay EcoFasten's reasonable attorneys' fees and experts' fees pursuant to 35 U.S.C. § 285;

J. An award of the costs of this action, including pre- and post-judgment interest, pursuant to 35 U.S.C. § 284; and

K. For such other and further relief as this Court deems necessary, just and proper under the circumstances.

DATED this 26th day of January, 2017.

KERCSMAR & FELTUS PLLC

By: */s/ Eric B. Hull, Esquire*
Eric B. Hull
SeaRise Building
233 Wilshire Boulevard
Santa Monica, California 90401
Attorneys for Plaintiff

Kercsmar & Feltus PLLC
233 Wilshire Boulevard, Fourth Floor
Santa Monica, California 90401
(310) 566-8176

10
COMPLAINT